In the Matter of SINCLAIR ROBINSON (Admitted as NATHANIEL S. ROBINSON), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, October 24, 1974.

*John G. Bonomi* of counsel (*Irving Gertel* with him on the brief), for petitioner.

*Morton S. Robson* of counsel (*Zissu Lore Halper & Robson,* attorneys), for respondent.

*Per Curiam.* This is a motion to confirm the report of a Referee finding respondent guilty of professional misconduct.

Respondent was admitted to practice on May 17, 1937 in the First Judicial Department. On January 15, 1971 respondent entered a plea of *nolo contendere* in the United States District

Court for the Eastern District of New York to an indictment alleging that he conspired, in the latter part of 1968, to melt and treat silver coins of the United States otherwise than as provided by law. On June 18, 1971, the District Court suspended the imposition of sentence and placed respondent on probation for a period of two years.

When the plea was entered, the United States District Judge commented: '' The nature of the offense — unless you tell me there are some special considerations for the Court to take into account — is one where moral turpitude would be involved only in a highly technical sense.''

At the hearing before the Referee respondent denied commission of the acts charged in the indictment. He testified that he entered the plea of *nolo contendere* because of the difficulties of proof and the expense which would be involved in a trial; that he was indebted to his attorney's firm for some $40,000 and had no funds to pay him. He denied that he knowingly melted silver coins of the United States and that if any coins were so melted, such act was the result of inadvertence.

Conspiracy is a felony under the Federal statute (U. S. Code, tit. 18, §§ 371, 372) but it is a misdemeanor under New York law (Penal Law, §§ 150.00 and 150.05). The Referee found the charges sustained but urged us to mitigate the penalty. We concur and his report is confirmed.

The Regulation of the Treasury Department (Code of Fed. Reg., tit. 31, ch. 1, par. 82) which was violated by respondent, was repealed on May 12, 1969, approximately two weeks after respondent's indictment, and only five to seven months after the alleged violation and long prior to the entry of the plea herein.

In considering the nature of the discipline to be imposed, we consider the technical nature of the offense, the nature of the regulation which was violated and its repeal prior to respondent's conviction on his plea of *nolo contendere* and shortly after the indictment was filed; we likewise consider respondent's 37 years at the Bar without any prior disciplinary action. Under these circumstances, we deem the appropriate measure of discipline to be a censure. Accordingly, respondent is censured for his misconduct.

NUNEZ, J. P., KUPFERMAN, MURPHY, LUPIANO and TILZER, JJ., concur.

Respondent censured.